[No. 40549.    Department Two.    March 6, 1969.]

MICHAEL W. LINES, *Petitioner*, v. KIM D. LINES, *Respondent.*\*

*Casey & Pruzan*, by *Martin Godsil*, for petitioner.

*Nickell, Quinn & Tuai*, by *Norman W. Quinn*, for respondent.

\*Reported in 451 P.2d 914.

Rosellini, J.—This matter is before the court on a writ of certiorari to review a supplemental decree of divorce, awarding permanent custody of the parties' minor son to the respondent father. The petitioner urges that the court abused its discretion in determining that the welfare of the child would be best served by placing him under the care and control of his father.

The trial court found that both parties were fit parents. When the original decree of divorce was entered, 6 months prior to the supplemental decree, the court gave the father temporary custody and ordered that the matter be reviewed again in 6 months. At the second hearing, evidence was taken on the basis of which the court decided that the child should remain in his father's home, which the court found was a stable environment.

The court further found that the outlook for the future development of the child in the care of his father was good. The mother was planning to remarry within a few months after the decree was entered, and the court was of the opinion, based upon the recommendation of a social worker assigned to study the case, that it would be upsetting to the boy to move him into the mother's home before the necessary adjustments had been made between the parties to the new marriage.

Although there is no express finding to this effect, the record would support a finding that, of the two parents, the father was the more mature and emotionally stable. The child is a very active and precocious boy, requiring firm discipline and constant attention. The father placed him in a nursery school during his working hours, where he was reported to be doing well. The social worker felt that it was beneficial for the child to spend his days in the organized atmosphere of a nursery school, where he had the advantage of consistent discipline and learning opportunities. The petitioner proposed to keep him at home and to obtain the care of one or two other children as a means of supplementing her income and providing companionship for the boy. The record showed that she had had serious problems in disciplining her son, and the trial court was not convinced

that she would be able to manage him successfully under the proposed arrangement.

The evidence also showed that both parents love the child and an affectionate relationship exists between each of them and the boy. However, it was revealed that during the marriage the petitioner had often left the child with a neighbor or a sitter while she engaged in social activities; the respondent, on the other hand, during the 6 months that he had temporary custody, was content to spend his leisure hours with the boy, playing with him, taking him on excursions, and attending to his physical needs, and seldom left him with sitters.

The trial court remarked upon the difficulty of making a decision in a case where both parents are fit persons to have the custody of a child. As the trial court observed, there is no completely satisfactory solution to the problem. A child needs the care and attention of both parents, but if this is impossible because of divorce, the court must decide with which parent the child's welfare will be best served. In this case, the court determined that the child, being a lively and aggressive as well as highly intelligent boy, needed the firmer hand of his father and a stable environment more than he needed the particular tenderness which is associated with a mother's love for her child. Furthermore, the evidence showed that the boy had a close and loving relationship with his father, so under the disposition made by the court he would not be deprived of parental tenderness.

The petitioner urges that, because she was found to be a fit person to have the care and custody of her son, and because he is a boy of tender years, she should not be deprived of his custody.

The "tender years" doctrine has its limitations, as this court recognized in the cases relied upon by the petitioner, the latest of which is *Horen v. Horen,* 73 Wn.2d 455, 438 P.2d 857 (1968).

The guiding principles applicable in a case of this sort are set forth in *Chatwood v. Chatwood,* 44 Wn.2d 233, 266

P.2d 782 (1954). In essence, they are (1) that each case must be decided upon its own facts, (2) the welfare of the child is the paramount consideration, (3) the factors usually inherent in the mother-child relationship must be considered, but the character and personality of the mother must be taken into account, (4) the findings of the trial court will be accepted as the facts unless the evidence clearly preponderates against them, and (5) the trial court has a broad discretion in making its decision, since it can evaluate many aspects of the case which are not apparent from the record.

It would serve no useful purpose to detail the evidence. It is sufficient to say that it supports the findings of the trial court, and that upon those findings the trial court did not abuse its discretion in awarding to the father.

■ The petitioner alleges error of the trial court in failing to note in its judgment that the custody disposition is subject to modification. The fact that the trial court failed to expressly observe this fact does not deprive it of jurisdiction to modify the decree when and if changed circumstances warrant such modification.

It is next complained that the visitation rights awarded the petitioner were less than reasonable. She was given the right to have the child with her every other weekend and on alternate holidays and for 1 month each summer. The trial court felt that any longer period of visitation in the summer would be too disruptive of the boy's routine. The record shows that the petitioner had not taken full advantage of her visitation rights during the 6 months' period when the father had temporary custody, and that he had offered her more opportunities to visit than were allowed by the decree. We see no reason to disturb the court's decision on this matter.

The final contention of the petitioner is that the trial court erred in refusing to allow the petitioner attorney's fees for the hearing on the question of permanent custody. As the trial court stated when the application for attorney's fees was rejected, the petitioner was awarded an unusually

large amount at the original hearing. The respondent's attorney had had to defer his own fee because the respondent's resources were almost exhausted by his obligations to the petitioner's attorney, the cost of maintaining a home, supporting his child and sending him to nursery school, and the alimony payments which he was required to make for a period of 6 months. The petitioner on the other hand was qualified to earn a salary and had no responsibilities other than her own support. Under these circumstances, the trial court did not abuse its discretion in refusing to allow an additional amount for attorney's fees.

The judgment is affirmed.

HUNTER, C. J., HILL and NEILL, JJ., and ARMSTRONG, J. Pro Tem., concur.