[No. 42382. En Banc. November 22, 1972.]

*In the Matter of the Guardianship of* DAWN PALMER, *a Minor.*

MARGARET SPALDING, *as Guardian, Petitioner,* v. JOHN PALMER, *Respondent.*

*Betty Taylor Howard,* for petitioner.

*James B. McCabe* (of *Cummings & Durkan*), for respondent.

UTTER, J.—Margaret Spalding, the maternal grandmother and legal guardian of 8-year-old Dawn Palmer, appeals an order of the trial court terminating the guardianship and restoring custody of the child to her natural parents, respondents John and Sharon Palmer.

The trial court terminated the guardianship based on a finding that the unfitness of the natural parents which originally occasioned the guardianship had ceased to exist and that the parents were now fit to assume custody of their child.

The question presented is what rule of law should govern the trial court when parents who have lost custody of their child in a guardianship proceeding seek to have custody restored to them. The Court of Appeals upheld the trial court, holding that "In the absence of a showing of unfitness such that the welfare of the child is clearly in jeopardy, natural parents may not be deprived of the custody of their child in favor of a third party." *In re Palmer,* 6 Wn. App. 486, 493, 494 P.2d 233 (1972). We hold that the welfare of the child is the only operative standard at this stage of the proceedings and all other considerations are secondary.

Margaret Spalding contends the trial court failed to give proper weight to the best interest of the child, that the natural parents are still unfit and termination of the guardianship will uproot Dawn from a happy situation and place her in an unhappy one.

The Palmers contend the guardianship was temporary

and inasmuch as Sharon Palmer is now returned to mental health and the family now formed by Sharon, John and their son is stable, the reason for the temporary guardianship has ceased to exist. It is further urged that since there has been no showing the Palmers are unfit to care for their daughter, their right to do so is superior to that of the maternal grandmother.

The facts are well summarized in the Court of Appeals opinion and will not be repeated here. There is a need, however, to clarify the factors to be considered by a court in its determination whether to terminate a legal guardianship and return the child to the custody of its natural parents.

 The principles and guidelines to be considered in determining custody of children are:

1. Each case must be considered and determined separately, upon its own facts and the situation before the court;

2. The best interests and welfare of the children in custody matters are the paramount and controlling considerations. The interests of parents, including claims of the right to child custody, are subsidiary in relation to consideration of the welfare of their children;

3. Those factors usually inherent in the mother-child relationship must be considered in relation to the age and sex of the children. However, in this connection, socially desirable traits of character, emotional maturity, economic ability or stability of the mother, cannot be disregarded;

4. The findings of the trial courts will be accepted as verities on appeal, unless the record . . . [indicates there is no substantial evidence to support them];

5. Trial courts must necessarily be allowed broad discretion in custody matters, because so many of the factors to be considered can be more accurately evaluated by the trial judge, who has the distinct advantage of seeing and hearing witnesses, and is in a better position to determine their credibility, than the members of an appellate court, who have access only to the printed record on appeal, and to the briefs and argument of counsel.

*Chatwood v. Chatwood,* 44 Wn.2d 233, 239, 266 P.2d 782 (1954).

In particular, this court has repeatedly held in child custody cases the best interest and welfare of the children are the primary and controlling considerations. *Munoz v. Munoz*, 79 Wn.2d 810, 489 P.2d 1133 (1971). If this were not the rule, there is a danger that insufficient weight will be given to the welfare of children and that they will be regarded as a chattel to be given to the winner of an adversary proceeding.

Where parents, as is the case here, have lost custody of their child and seek her return through termination of a legal guardianship, the only issue should be whether the child's welfare and best interest are served by a change of custody from the guardian back to the parents.

The nature of parenthood is such that in most instances the parents of the child will be most likely to best provide for its welfare. The maintenance of natural family relations is favored, and parental affection is an element of priceless advantage to the child. *In re Hudson*, 13 Wn.2d 673, 126 P.2d 765 (1942). Therefore, courts will normally be less reluctant to transfer a child from its guardian back to its parents than to initially take the child from its parents to be placed with a guardian. However, the function of parenthood is not purely a matter of biology. Persons other than natural parents may occupy the relationship of parent to the child.[1]

When the guardianship of a child has been given to another and the natural parents seek the return of custody of the child to them, there are several factors to be considered in determining whether the child will be benefited or harmed by the shift of custody back to the parents. These include, but are not limited to, (1) the length of the child's stay with the guardian, (2) the nature of the relationship to the guardian, and (3) the degree of contact maintained with the parent during the period of guardianship. H. Clark, Jr., *Law of Domestic Relations* 572 (1968). These are in addition to the normal considerations of whether the

---

[1] *See* G. Engel, *Psychological Development in Health and Disease* (1962).

natural parents are fit and whether the reasons for creating the guardianship initially have ceased to exist.

■ The relative wealth of the parties is not a consideration in determining where the well-being of the child is best served. *In re Warren,* 40 Wn.2d 342, 243 P.2d 632 (1952). The child should be placed where she will receive the greatest degree of affection and discriminating care which would better tend to fit her to take her place in the active affairs of life. *In re Day,* 189 Wash. 368, 65 P.2d 1049 (1937).

In this case there is a dearth of testimony from independent or expert witnesses concerning the fitness of the natural parents to receive custody of their daughter. The determination of what is in the best interest of the child, based upon the self-serving testimony of the parties and their friends, places a difficult burden on a trial judge. The adversary method may not be the best way to determine custody and is often less than adequate because evidence helpful in determination of what is in the best interest of the child may not be introduced by the parties whose own interests are not identical to the child's interest. Foster and Freed, *Child Custody,* 39 N.Y.U.L. Rev. 423 (1964).

■ To obviate this difficulty, subject to the requirements of due process, courts may in their discretion have an independent investigation made in custody proceedings. *Lawrence v. Hosfield,* 51 Wn.2d 157, 316 P.2d 1102 (1957); *Brugel v. Hildebrant,* 332 Mich. 475, 52 N.W.2d 190 (1952); *Clark v. Clark,* 96 N.H. 443, 78 A.2d 525 (1951); *Dier v. Dier,* 141 Neb. 685, 4 N.W.2d 731 (1942). If the trial judge believes such an investigation would be helpful to him, he may so order.

We do not determine whether the result reached by the trial court is correct inasmuch as we are uncertain whether the disposition of the trial court reflected the view that the welfare of the child was the paramount consideration or whether the right of the parents to custody was given improper weight. *Lines v. Lines,* 75 Wn.2d 489, 451 P.2d 914 (1969).

This case is therefore remanded to the trial court to enable it to review the standards used in deciding this case in light of our statements herein. The court may, in addition, if it believes it is necessary to its determination, order whatever independent investigation it believes may be helpful in resolving the issues.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, and WRIGHT, JJ., concur.