[No. 7910–7–I. Division One. April 6, 1981.]

*In the Matter of the Marriage of* ALICJA
JANOVICH, *Respondent, and* ROBERT
JANOVICH, *Appellant.*

*Anderson & Fields, P.S.,* and *Wolfgang R. Anderson,* for appellant.

*Edward Bensussen,* for respondent.

JAMES, C.J.—Respondent Robert Janovich appeals from a Decree of Dissolution entered in a proceeding instituted by his wife. He contends that the trial judge erred in (1) characterizing certain items of real property as community; (2) valuing his separate interest in a real estate contract; (3) not making a just and equitable division of the property; (4) not applying the proper legal standards in awarding custody to the mother; and, (5) restricting visitation. Petitioner Alicja Janovich cross–appeals, also contending the trial judge erred in (1) characterizing certain real property as separate; and, (2) not making a just and equitable division of the property. We disagree with the contentions of both parties and find the trial judge's findings of fact are supported by substantial evidence and affirm.

Initially, both parties challenge the trial judge's characterization and division of the following items of property:

(a) Real property at 5026 12th N.E., Seattle, which the judge found to be the separate property of the husband. The market value is $85,000.

(b) The family residence at 5020 12th N.E., Seattle, which the judge found to be part separate and part community. The judge awarded said property to Alicja. The home has a market value of $78,500, with an obligation owing to Robert's mother in the sum of $13,388.

(c) A one–quarter interest in a real estate contract at 1212 Howell Street, Seattle, which the judge characterized as community property.

(d) A $9,403 down payment on the Howell Street property which the judge found to be the separate property of Robert.

(e) Certain items of personal property awarded to Alicja.

Robert contends that both the property located at 5020 12th N.E. and the Howell Street property can be traced to his separate property. Alicja contends that although the property at 5026 12th N.E. was acquired with Robert's separate funds, a community interest existed because it was substantially improved with community labor.

The character of property as community or separate is determined as of the date of acquisition. *Baker v. Baker,* 80 Wn.2d 736, 498 P.2d 315 (1972); *In re Marriage of Harshman,* 18 Wn. App. 116, 122, 567 P.2d 667 (1977). An asset acquired during marriage is presumed to be community property, and this presumption can be overcome only by clear and convincing proof to the contrary. *Beam v. Beam,* 18 Wn. App. 444, 569 P.2d 719 (1977). Further, the burden of overcoming the community property presumption rests upon the spouse asserting the separate nature of the property acquired during the marriage and convincing evidence is "not met by the mere self–serving declaration of the spouse claiming the property in question that he acquired it from separate funds and a showing that separate funds were available for that purpose." *Berol v. Berol,* 37 Wn.2d 380, 382, 223 P.2d 1055 (1950). Here, the trial judge, after hearing the testimony of both parties, determined the characterization of the property, and neither party has sustained the necessary burden of proof. We will not substitute our judgment for that of the trial judge in resolving factual disputes. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

In any event, the characterization of property as separate or community is only one factor in considering whether a trial judge manifestly abused his discretion in making a property division. The ultimate question is whether the disposition is fair and equitable under all the circumstances. *In re Marriage of Hadley,* 88 Wn.2d 649, 565 P.2d 790 (1977); *Baker v. Baker, supra.* We have

reviewed the record and find the property division to be fair and equitable.

Robert further asserts the trial judge erred when he failed to apply the proper standards in awarding custody of the children to Alicja. The trial judge found both parents to be fit, but noting the *"tender years"* of the children, awarded custody to Alicja. Robert argues that the trial judge erroneously based his decision on the "tender years doctrine."

■ The best interests and welfare of the children are paramount in custody matters. RCW 26.09.190; *Munoz v. Munoz,* 79 Wn.2d 810, 812, 489 P.2d 1133 (1971). As an appellate court, we are reluctant to disturb a child custody disposition because the trial judge has a unique opportunity to personally observe the parties. *In re Marriage of Timmons,* 94 Wn.2d 594, 617 P.2d 1032 (1980); *In re Marriage of Murray,* 28 Wn. App. 187, 622 P.2d 1288 (1981). But although a trial judge is vested with wide discretion in custody matters, a manifest abuse of discretion would require reversal. *Applegate v. Applegate,* 53 Wn.2d 635, 335 P.2d 595 (1959). Here, the alleged error occurred when, in his oral opinion, the trial judge discussed the children's young age and their need for maternal influence.

■ Custody awards based *solely* on the "tender years doctrine" undermine the statutory scheme that affords no preferential right of custody to either parent in determining "the best interests of the child." RCW 26.09.190. However,

A trial court making a child custody award may give significant consideration to the child's need for a warm and loving relationship and to each parent's unique ability to fulfill that need, so long as it also gives weight to the statutory custodial factors.

(Footnote omitted.) *In re Marriage of Murray, supra* at 191.

Here, although the trial judge did allude to the "tender years doctrine," the record discloses substantial evidence relevant to the statutory "factors" to be considered in awarding custody. RCW 26.09.190. The oral opinion and

written findings clearly reflect the trial judge's consideration of the required statutory elements in determining the best interests of the children. Accordingly, the trial judge did not abuse his discretion in awarding custody to the mother.

■ Finally, Robert argues that the trial judge erred in restricting visitation with the children. In the absence of a showing of a manifest abuse of discretion, a trial judge's determination of visitation problems will not be disturbed on appeal. *McArthur v. McArthur,* 75 Wn.2d 493, 451 P.2d 923 (1969). We find no abuse of discretion.

Alicja has requested attorney fees on appeal. In view of our disposition of this appeal on the merits, we conclude that each party should bear its own attorney fees on appeal.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied May 7, 1981.

Review denied by Supreme Court June 26, 1981.