[Nos. 4998-1-III; 5133-1-III.   Division Three.   December 7, 1982.]

*In the Matter of the Marriage of* GARY S. WOFFINDEN, *Appellant, and* CATHY J. WOFFINDEN, *Respondent.*

*Perry J. Robinson,* for appellant.

*Wiley G. Hurst* and *Elofson, Vincent, Hurst, Crossland & Menke,* for respondent.

MUNSON, J.—Gary Woffinden appeals from the trial court's refusal to grant him custody of his three children after a modification hearing. There is substantial evidence to support the finding he sexually molested his adopted daughter during the time she was 6 to 12 years old. There is no evidence to support the finding this prior misconduct *presently endangers* any of the children. We reverse and remand with instructions the father be given custody of the three children.

In 1971, Mr. Woffinden married Mrs. Woffinden and adopted her two children, Dorene, born in 1965, and Michael, born in 1969. David was born in 1975. The marriage was dissolved January 8, 1981; Mrs. Woffinden was granted custody of the three children.

In June of 1981, Mr. Woffinden petitioned for custody modification, seeking to become the custodial parent and alleging abuse and neglect on the part of Mrs. Woffinden. During the September 1981 hearing, substantial evidence of abuse and neglect on the part of Mrs. Woffinden was introduced as well as evidence Mr. Woffinden had physically abused Michael in the past. The trial court spoke with the three children in chambers. David, then age 6, stated he would rather live with his father and that his mother had

spanked him twice in the past year.[1] Michael, age 12, testi-
fied his adoptive father punched and kicked him prior to
the separation, his mother had spanked him five or six
times since the separation (ending about when Mr. Woffin-
den petitioned for change of custody), and he wished to live
with his father because his father had changed and was
kinder and more attentive. Dorene, age 16, stated she now
lived with her adoptive father, his present wife Connie, and
Connie's two daughters, after leaving both her mother's and
her paternal grandparents' homes. She expressed a desire
to remain with Mr. Woffinden. Dorene also told the court
he had engaged in sexual intercourse with her from age 6
until he stopped at her insistence when she was 12. Asked
why she still wished to live with him, she replied that he
had changed. The trial court decided to postpone its deci-
sion until a psychiatrist had spoken with Dorene.

The psychiatrist evaluated Dorene and stated:

Dorene and father have a good relationship in spite of
the sexual activity that took place in the past. There is
no evidence of any desire to repeat this behavior and at
this point it is not important for the well–being of Dor-
ene.

The report concluded by saying the court should ignore the
past event and consider only what was presently best for
Dorene.

The trial court disagreed and, on November 18, 1981,
gave an oral ruling finding both parents unfit. Custody of
the children was given to the paternal grandparents. On
January 15, 1982, the court entered the following findings:

7. The Petitioner previously had an improper relation-
ship with his adopted daughter between the ages of 6 and
12 years.

8. The instability of the Respondent and the prior
improper conduct by the Petitioner *may* adversely and
significantly affect the best interests of the children and
accordingly the Court finds that neither of the parties is

---

[1]The record contains pictures taken by a doctor in a local hospital showing
severe bruising of David's buttocks.

a fit person to have custody of their children at this time. (Italics ours.) Mr. Woffinden appealed from these findings.

Even before the findings were entered, however, the boys had left their paternal grandparents and moved in with Mr. Woffinden. (Dorene refused to comply with the court order and had remained in Mr. Woffinden's home.) Now remarried, Mrs. Woffinden Boulay petitioned with her parents, Mr. and Mrs. Sowers, for another custody modification order, seeking temporary custody in Mr. and Mrs. Sowers. The court then ordered a home study to evaluate both sets of grandparents, Mr. Woffinden and the children.

The home study by an employee of the juvenile court essentially stated: (1) Mrs. Boulay was not presently able to care for the children; (2) Mr. Woffinden was a fit and proper person to have custody of the boys, but Dorene should not be placed there because of the disruption of the household; (3) Mr. and Mrs. Sowers were acceptable custodians for Dorene, but, because of age and disability, should not be custodians of the boys. As part of the home study, Mr. Woffinden was examined by a mental therapist who concluded:

> Gary is an intact capable person who is quite capable of setting limits on his behavior. He is appropriate and well oriented. I believe there is reason to doubt the validity of any sexual misconduct charge. I would recommend that the visitation and custody issue be seriously re–evaluated with Mr. Woffinden seen as a viable resource to his children.

After receiving the reports and taking further testimony, the court changed custody to Mr. and Mrs. Sowers. On April 16, 1982, the court entered findings which stated the evidence supported the charge of molestation and, because of the misconduct occurring between 1971 and 1977, Mr. Woffinden was denied custody of the children and overnight visitation.

The record supports the findings of sexual abuse of Dorene during the time she was 6 to 12 years of age. The finding of unfitness of the mother is not challenged. The

question is whether the trial court correctly found custody with Mr. Woffinden is not in the children's best interests, based solely on the earlier sexual misconduct.[2]

█ The best interests and welfare of the children are paramount in custody matters. *In re Palmer,* 81 Wn.2d 604, 503 P.2d 464 (1972); *Lines v. Lines,* 75 Wn.2d 489, 451 P.2d 914 (1969); *In re Marriage of Janovich,* 30 Wn. App. 169, 632 P.2d 889 (1981). The trial court's findings will not be disturbed if supported by substantial evidence. *In re Marriage of Timmons,* 94 Wn.2d 594, 617 P.2d 1032 (1980); *In re Marriage of Croley,* 91 Wn.2d 288, 588 P.2d 738 (1978). Because of a trial court's unique opportunity to observe the parties to determine their credibility and to sort out conflicting evidence, its decisions are allowed broad discretion. *Chatwood v. Chatwood,* 44 Wn.2d 233, 266 P.2d 782 (1954); *In re Marriage of Janovich, supra.*

The finding that Mr. Woffinden is presently unfit is not supported by the record; it does not contain any testimony which indicates his prior misconduct adversely affected the children. To the contrary, reports by a psychiatrist, a probation counselor, a therapist and the court's in–chambers conferences with the children indicate the past has no present impact. The record contains a statement and a letter by Dorene stating the past events now are unimportant. While the trial court is correct in stating such activity is repugnant to our society, the absence of any evidence showing the boys knew of the misconduct or were affected by it makes the information of little value as to them in these proceedings.[3]

---

[2]In its final opinion, the court stated:

"Except for this series of incidents about which the daughter has testified, I would feel that Mr. Woffinden is the preferable custodian, no question about it in my mind notwithstanding the fact that there was some detrimental testimony earlier on about the treatment of the boys. I think that probably that would not recur. But I do not feel that the Court can overlook this."

[3]The trial court stated on two occasions the misconduct indicated a lack of conscience which makes the man untrustworthy. Although we agree with the sentiment, we also believe the statute requires the court to evaluate each potential

Absent substantial evidence that the past misconduct threatens the children, the record does not sustain the court's custody award to one other than the parent. The record indicates Mr. Woffinden is willing and able to provide a home for the children, the children wish to live with their father and have integrated well with the present Mrs. Woffinden and her two daughters. The record further indicates Michael is doing well in school for the first time in his life and seems to be adjusting well to his new responsibilities. Because the trial court stated Mr. Woffinden is an acceptable custodian except for the molestation, we remand with instructions to modify the order and grant Mr. Woffinden custody of his children.

McINTURFF, C.J., and ROE, J., concur.

Reconsideration denied January 4, 1983.

Review denied by Supreme Court February 18, 1983.

custodian's present circumstances. *Wildermuth v. Wildermuth,* 14 Wn. App. 442, 445, 542 P.2d 463 (1975). With each expert's clear and unequivocal recommendation that the past events be dismissed, no substantial evidence exists upon which a finding of danger to the children can be made. As pointed out in *In re Palmer, supra,* and *In re Marriage of Waggener,* 13 Wn. App. 911, 538 P.2d 845 (1975), the trial courts should rely on expert opinion to help reach an objective, rather than subjective, evaluation of the issue.