## COURT OF APPEALS, STATE OF WASHINGTON, DIVISION III

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 30866-9-III |
| | ) | |
| TOBIAS LYNN, | ) | ORDER AMENDING |
| | ) | COURT'S OPINION |
| Appellant, | ) | FILED 9/26/13 |
| v. | ) | |
| | ) | |
| AMANDA LYNN, | ) | |
| | ) | |
| Respondent. | ) | |

The Court on its own motion amends the opinion filed on September 26, 2013 2013, as follows:

The following language on page 7, under the heading "B. Attorney Fees", first paragraph, beginning with line 8 that states, ". . . to file their declarations."

The word "declarations" is deleted and replaced with "affidavits" to read: " . . . to file their affidavits."

Within that sentence on page 7, line 8, the following language after "affidavits," is deleted: "A recommendation will be made after these filings are received."

Said sentence shall be replaced with: "Since the parties did not comply with this rule, Ms. Lynn's request for attorney fees under RCW 26.09.140 is denied."

DATED: February 6, 2014

FOR THE COURT:

KEVIN M. KORSMO
CHIEF JUDGE

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 30866-9-III |
| | ) | |
| TOBIAS LYNN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| AMANDA LYNN, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Tobias M. Lynn appeals the trial court's primary custodian designation of Amanda S. Lynn for their two children. Mr. Lynn contends the trial court misapplied RCW 26.09.187(3) and erred in concluding Ms. Lynn has been more stable and that if the children are in her care it will better continue the children's relationship with their stepbrother and better insure continuity. Ms. Lynn filed a notice of cross appeal, but does not assign error in her briefing; thus, Ms. Lynn's cross appeal is deemed waived. We conclude the trial court did not abuse its discretion in its rulings or misapply the law. Accordingly, we affirm.

FACTS

The following findings derive from the trial court's findings of fact, which are unchallenged and, therefore, verities on appeal. *In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999).

The parties were married in July 2004 and separated in October 2009. They have two children, six-year-old T.L. and five-year-old L.L. Ms. Lynn also has an eleven-year-old son from a prior marriage.

While drinking and under stress, Mr. Lynn had a pattern of violent outbursts. In February 2008, Mr. Lynn was arrested for fourth degree domestic violence. The parties attended counseling together for six months and the State then dismissed the assault charge. Mr. Lynn petitioned for dissolution on October 19, 2009.

On December 13, 2009, Mr. Lynn spanked T.L. for throwing a toy that hit him in the groin area. Soon after, Ms. Lynn requested a restraining order based on the 2008 incident and the recent spanking incident. The court entered a temporary order, partly restraining Mr. Lynn from using corporal punishment on the children.

T.L. and L.L. were in their mother's custody for 13 months following separation (until November 2010). The court ordered Mr. Lynn to have supervised visitation Friday through Sunday. Mr. Lynn's mother was the designated supervisor. The supervised visitation ended in May 2010. In November 2011, the children were placed with their father Monday through Friday and with their mother on weekends while Ms. Lynn

attended school. In November 2011, the parties changed so that the children were with Ms. Lynn Thursday to Monday.

Prior to entering a final parenting plan, the court reviewed a report from the Guardian Ad Litem (GAL). The GAL observed the children with both parents and noted how impressed she was with how the children interact with their father. The GAL opined that, overall, the information she gleaned from her investigation did not support a picture of the father as a domestic violence perpetrator or child abuser. With regard to Ms. Lynn's relationship with the children, the GAL noted that there was less of an attachment between the mother and the children. The GAL recommended that primary residential placement of the children be with Mr. Lynn.

A four day trial was held in February 2012. In its oral ruling, the trial court found the GAL report to be a "professional document." Report of Proceedings (RP) at 582. The court observed the report exhibited "objective professionalism." RP at 582-83. The court found the spanking incident did not constitute abuse.

On April 11, 2012, the trial court issued its written findings of fact and conclusions of law. The court expressly incorporated its oral ruling into these findings. The court concluded, "Both parents have loved and nurtured their children, and will continue to do so. But the mother has been more stable." Clerk's Papers (CP) at 892. The court further concluded, "[I]f the children are in her primary custody, it will continue the sibling relationship between the children and their step-brother." *Id.* The trial court ultimately

3

ruled that residential placement be with Ms. Lynn. Mr. Lynn unsuccessfully requested reconsideration. This appeal followed.

## ANALYSIS

### A. Residential Placement

The issue is whether the trial court erred in awarding primary residential placement of T.L. and L.L. to Ms. Lynn. Mr. Lynn contends the trial court did not properly analyze the statutory factors used for residential placement and further did not properly consider the GAL's report.

A trial court has broad discretion in making residential placement decisions. *In re Marriage of Possinger*, 105 Wn. App. 326, 335, 19 P.3d 1109 (2001). This broad discretion is due to the trial court's unique opportunity to observe the parties, determine their credibility, and sort out conflicting evidence. *In re Marriage of Woffinden*, 33 Wn. App. 326, 330, 654 P.2d 1219 (1982). The appellate court is "'extremely reluctant to disturb child placement dispositions.'" *In re Parentage of Schroeder*, 106 Wn. App. 343, 349, 22 P.3d 1280 (2001) (quoting *In re Marriage of Schneider*, 82 Wn. App. 471, 476, 918 P.2d 543 (1996), *overruled on other grounds by In re Marriage of Littlefield*, 133 Wn.2d 39, 940 P.2d 1362 (1997)).

A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993). A court's decision is based on untenable reasons "if it is based on an

4

incorrect standard or the facts do not meet the requirements of the correct standard." *Littlefield*, 133 Wn.2d at 47.

The court must consider seven statutory factors when establishing a residential schedule. These include the strength, nature, and stability of the relationship with each parent and whether one parent has taken greater responsibility for the child's daily care; any agreements between the parties; each parent's past performance and future potential as a parent; the child's emotional needs and developmental level; the child's involvement in significant activities; the parents' and child's wishes; and each parent's employment schedule. RCW 26.09.187(3)(a)(i)-(vii). The first factor is given the greatest weight. RCW 26.09.187(3)(a)(vii).

Additionally, a trial court's decision regarding residential placement must be made with the best interests of the child in mind after considering the factors found in RCW 26.09.187(3). Mr. Lynn contends the court did not adequately consider RCW 26.09.187(3)(a)(i), (iii), (iv), (v), and (vii) (the strength of the nature of the relationship between T.L. and L.L. and each parent, the parents' potential for future performance of parenting functions, T.L. and L.L.'s emotional needs, T.L. and L.L.'s relationship with siblings and other significant adults, and each parent's employment schedule).

It is evident from the trial court's oral opinion and written findings (verities on appeal) that the court considered the required statutory factors. The court evaluated the nature of the relationship of the children with both parents and found that although Mr. Lynn had been a primary caretaker for a period of time, both parents substantially

5

participated in the raising of T.L. and L.L. The court concluded both parents are capable of loving and nurturing their children, but Ms. Lynn is "more stable." Clerk's Papers at 892. This conclusion is supported by evidence that Mr. Lynn has a history of domestic violence, alcohol abuse, and violent outbursts while Ms. Lynn does not abuse alcohol and is not prone to angry outbursts. Further, the children are bonded with their older stepbrother from Ms. Lynn's prior marriage. This supports the court's conclusions that primary custody with Ms. Lynn would continue the sibling relationship between the children.

While the GAL recommended placement be with Mr. Lynn, a trial court may disregard the GAL's recommendations if other evidence does not support them or if the court finds other testimony more convincing. *Fernando v. Nieswandt*, 87 Wn. App. 103, 107, 940 P.2d 1380 (1997). A court's decision to disregard a GAL report is reviewed for abuse of discretion. *See id.* at 108 (applying an abuse of discretion standard when appellant argued that the trial court erred by accepting the recommendation of the GAL over the opinions by the appellant's experts). As discussed above, evidence showed the children were bonded to their mother and stepbrother and were more stable in the mother's care. This evidence provided tenable grounds to disregard the GAL's recommendation.

In his unsuccessful request for reconsideration, Mr. Lynn alleged newly discovered evidence claiming Ms. Lynn changed day cares and relocated. The trial court, however, found no newly discovered or conflicting evidence shown. Any request

6

by Mr. Lynn for us to consider these facts would require us to engage in improper fact finding. *See Berger Eng'g Co. v. Hopkins*, 54 Wn.2d 300, 308, 340 P.2d 777 (1959) (appellate courts are "not a fact-finding branch of the judicial system.").

Given the evidence, the trial court's decision to place T.L. and L.L. in Ms. Lynn's primary residential care was not manifestly unreasonable or exercised on untenable grounds or for untenable reasons. Accordingly, the trial did not err in its placement decision.

### B. Attorney Fees

Ms. Lynn requests attorney fees under RCW 26.09.140 and RAP 18.9. Under RCW 26.09.140, we may, in our discretion, order a party to pay for the cost to the other party of maintaining the appeal, including attorney fees, in addition to statutory costs. This provision gives the court discretion to award attorney fees to either party based on the parties' financial resources, balancing the financial need of the requesting party against the other party's ability to pay. *In re Marriage of Pennamen*, 135 Wn. App. 790, 807-08, 146 P.3d 466 (2006). Under RAP 18.1(c), the parties have until 10 days prior to the date this appeal is set on the docket to file their declarations. A recommendation will be made after these filings are received.

RAP 18.9(a) provides for the imposition of sanctions where a party brings a frivolous appeal. An appeal is frivolous if we are convinced that it presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930

7

No. 30866-9-III
*In re Marriage of Lynn*

P.2d 929 (1997). Mr. Lynn did not present issues so lacking in merit that no possibility

of reversal could exist. Thus, we deny Ms. Lynn's request.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, J.

WE CONCUR:

Siddoway, A.C.J.

Fearing, J.

8