FILED
11/23/2020
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 80577-1-I |
| | ) | |
| ALEXANDRA TYSYACHUK, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| and | ) | |
| | ) | |
| VITALIY TYSYACHUK, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — The trial court entered findings and conclusions, a final parenting plan, a child support order, and a final decree of dissolution of the marriage between Vitaliy and Alexandra Tysyachuk.[1]  Vitaliy appeals and avers that the trial court lacked jurisdiction to enter any decisions other than a parenting plan.  He further avers that the trial court abused its discretion.  We disagree, and affirm.

I.

Alexandra and Vitaliy were married in Washington in 2003 and had two children, V.T. and M.T.  Alexandra filed a petition for a parenting plan, pro se, on March 7, 2018.

___

[1] We use the parties' first names to avoid confusion.  We mean no disrespect.

Citations and pin cites are based on the Westlaw online version of the cited material.

Alexandra also filed a summons under CR 4.1 indicating that she was asking to end the marriage.

After a two-day bench trial, on August 21, 2019, the trial court entered findings and conclusions, a final parenting plan, a child support order, and a final decree of dissolution. The trial court's findings included: (1) finding that Alexandra was more credible than Vitaliy; (2) that Vitaliy's witnesses were biased against Alexandra and were not reliable; (3) that the testimony and parenting evaluation by the Family Court Services (FCS) social worker was credible and reliable; (4) that Vitaliy had a history of domestic violence as defined by RCW 26.50.010; and (5) that Vitaliy had a history of withholding the children, including numerous occasions of wrongfully withholding one of the children in violation of court orders. The court's findings included multiple examples of Vitaliy punching, slapping, and dragging Alexandra, along with breaking her car windows, cell phone, and burning her clothing and car.

The trial court explained "[t]his [is] a text book example of an abusive relationship where the respondent has used intimidation, emotional abuse, isolation, coercion and threats, economic abuse, minimization, denying, blaming and access to the children as forms of control of the petitioner." The court found that without treatment, Vitaliy would continue to use the children to control Alexandra, drink to excess, and disobey court orders. The court also determined that despite Alexandra's attempts, co-parenting may not ever be possible due Vitaliy's behavior.

As a result, the final parenting plan placed limitations on Vitaliy under RCW 26.09.191 due to his history of domestic violence, substance abuse, and withholding a child. The court required Vitaliy's visits with the children to be professionally

supervised, and he was required to be evaluated for alcohol abuse and to complete domestic violence treatment. The court determined that Alexandra would be the parent with whom the children reside and gave her full decision making capabilities.

Vitaliy appeals.

II.

Vitaliy argues first that the trial court lacked subject matter jurisdiction to enter the findings of fact and conclusions of law, a decree of dissolution, final parenting plan, and child support order because Alexandra only filed a petition for a parenting plan, residential schedule, and child support. Vitaliy contends that because the initial relief sought was a parenting plan, the court lacked jurisdiction for the additional orders. We disagree.

Jurisdiction is comprised of two components: personal jurisdiction and subject matter jurisdiction. Subject matter jurisdiction "refers to a court's ability to entertain a type of case, not its authority to enter an order in a particular case." In re Marriage of Buecking, 179 Wn.2d 438, 448, 316 P.3d 999 (2013) (emphasis added). Thus, "if a court can hear a particular class of case, then it has subject matter jurisdiction." Buecking, 179 Wn.2d at 448. Superior courts in Washington have subject matter jurisdiction over all types of case unless jurisdiction is vested exclusively in a different court. WASH CONST. art. IV, § 6.

The subject matter at issue is marriage dissolution. The Washington Constitution "specifically grants superior courts original jurisdiction in divorce matters." Buecking, 179 Wn.2d at 449-450. Moreover, by statute, a superior court shall exercise jurisdiction over any "family court proceeding," which is "any proceeding under this title or any

proceeding in which the family court is requested to adjudicate or enforce the rights of the parties or their children regarding the determination or modification of parenting plans, child custody, visitation, or support, or the distribution of property or obligations." RCW 26.12.010.

In Buecking, the court held that if the residency requirement under RCW 26.09.030 is met, the superior court has full jurisdiction over the proceedings and authority to grant "the relief contemplated by the statute." 179 Wn.2d at 452. Here, Vitaliy does not dispute that the residency requirement was met or that more than 90 days elapsed between the initiation of the proceedings and the trial. While it was perhaps procedurally defective for Alexandra not to file a form petition for dissolution, this issue was not raised below and the issues were tried by consent. Both parties appeared at trial and presented witnesses and argument concerning the dissolution, parenting plan, property distribution, and child support. The trial court did not lack subject matter jurisdiction to enter its decisions.

III.

Vitaliy next argues that the trial court abused its discretion in numerous ways. We address each argument in turn. We review a trial court's rulings on provisions in a parenting plan for abuse of discretion. In re Marriage of Littlefield, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). The trial court abuses its discretion if a decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Chandola, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). The decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard. Littlefield, 133 Wn.2d at 47. It is based on untenable

grounds if the factual findings are unsupported by the record. <u>Littlefield</u>, 133 Wn.2d at 47. Because Vitaliy does not challenge the trial court's findings, they are verities on appeal. <u>State v. O'Neill</u>, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

First, Vitaliy argues that the court abused its discretion by overruling his objection to the FCS report. We disagree. The trial court allowed Vitaliy to address his concerns with the FCS report through his cross-examination of the FCS social worker. The court determined that the social worker followed the standard protocol for FCS evaluations before ultimately deciding to admit the report. Vitaliy has not demonstrated how the court abused its discretion by overruling his objection.

Next, Vitaliy argues that the court abused its discretion when it did not take his and his witnesses' testimony into consideration. Again, we disagree. Witness credibility determinations in a child custody proceeding are for the trial court. <u>Chandola</u>, 180 Wn.2d at 652. "As an appellate court, we are reluctant to disturb a child custody disposition because the trial judge has a unique opportunity to personally observe the parties." <u>In re Marriage of Janovich</u>, 30 Wn. App. 169, 172, 632 P.2d 889 (1981). Here, the trial court did consider Vitaliy and his witnesses' testimony, but did not find them to be credible or reliable. Because we will not substitute our judgment of witness credibility for that of the trial court's, Vitaliy has not demonstrated an abuse of the court's discretion. <u>See</u> <u>Greene v. Greene</u>, 97 Wn. App. 708, 714, 986 P.2d 144 (1999).

Finally, Vitaliy argues that the trial court abused its discretion by issuing final orders that deviated from the requests in the petition. We disagree. Vitaliy misrepresents the nature of his relationship with the children, especially V.T. V.T. lived with his father only as a result of Vitaliy wrongfully withholding V.T. Residing with Vitaliy

was not in V.T.'s best interest for numerous reasons. For example, the trial court found V.T. missed 28 days of school while residing with Vitaliy, in contrast to his daily attendance when with Alexandra. Additionally, Vitaliy misrepresents that the court went beyond what the parties requested. The court found that "the respondent sought full custody of both children in spite of the fact that the petitioner has been the children's primary care giver for all of [M.T.]'s life and all of [V.T.]'s life until he was illegally withheld from her care, and despite the mother's proposal for split custody." For these reasons, the trial court did not abuse its discretion.[2]

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____        _____

---

[2] Vitaliy requests attorney fees on appeal under RCW 26.09.140. We decline to award fees.