[No. 45375.   En Banc.   December 28, 1978.]

*In the Matter of the Marriage of* THOMAS F. CROLEY,
*Petitioner, and* ELIZABETH A. CROLEY,
ET AL, *Respondents.*

*Douglas Cook,* for petitioner.

*Siderius, Lonergan & Crowley,* by *Ray Siderius* and *C. R. Lonergan, Jr.,* and *Sally Pasette,* for respondents.

STAFFORD, J.—Thomas Croley appeals the nonunanimous reversal of a trial court decree awarding him custody of his three children. The Court of Appeals is reversed and the judgment of the trial court is reinstated.

Thomas and Elizabeth Croley were married in 1966. They had two natural children and adopted a third child. In October 1975, the Croleys separated and Thomas sought a dissolution of the marriage. The children were ages 8, 6 and 4 at the time of the dissolution proceeding.

Following a 1 1/2–day bench trial, dissolution was granted and custody of the children, as well as possession of the family home, were awarded to Thomas Croley; Mrs. Croley appealed the award of child custody, the amount of support awarded her, and the division of property. She did not appeal the judgment of dissolution.

The Court of Appeals, in a nonunanimous unpublished opinion, reversed the trial court on all three issues and remanded the cause for a new trial holding that the record did not support the trial court. Furthermore, the Court of Appeals held the trial court erred by failing to make specific findings of fact on those matters set forth in RCW

26.09.190 as factors to be considered in awarding child custody.

█ As a threshold matter we must decide whether a Court of Appeals' nonunanimous *partial* reversal of a dissolution proceeding is a "decision terminating review" entitling one to further appellate review as a matter of right.

RAP 13.2(a) provides:

> A party may appeal from a Court of Appeals decision terminating review only if the trial court decision has been reversed and the Court of Appeals decision is not unanimous and only if the party has filed a timely motion for reconsideration under Rule 12.4.

In the context of a dissolution proceeding, the dissolution itself, the division of marital property and the matters relating to child custody are relatively independent issues. In the instant case the dissolution itself has not been challenged on appeal. Only child custody and those matters logically associated therewith have been seriously contested. It was the trial court's disposition of these matters that was reversed and remanded by the Court of Appeals. Where such analytically independent issues are involved, a partial reversal is clearly a decision terminating review that will support an appeal as a matter of right under RAP 13.2(a). This holding is consistent with our goal of expediting the resolution of custody disputes in the interest of stabilizing the lives of children as quickly as possible.

In reversing, the Court of Appeals held the trial judge erred by failing to make findings of fact on each of the factors enumerated in RCW 26.09.190. We do not agree.

RCW 26.09.190, enacted as part of the Dissolution Act, Laws of 1973, 1st Ex. Sess., ch. 157, §§ 1–31, p. 1215–29, provides:

> The court shall determine custody in accordance with the best interests of the child. The court *shall consider* all relevant factors including:
> (1) The wishes of the child's parent or parents as to his custody and as to visitation privileges;
> (2) The wishes of the child as to his custodian and as to visitation privileges;

(3) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community; and

(5) The mental and physical health of all individuals involved.

The court shall not consider conduct of a proposed guardian that does not affect the welfare of the child.

(Italics ours.)

To date only one case has interpreted RCW 26.09.190. *In re Marriage of Waggener,* 13 Wn. App. 911, 538 P.2d 845 (1975) held that, where the parties failed to develop the relevant factors set forth in RCW 26.09.190, the trial court should use either its statutory power of investigation or appoint an attorney for the child to obtain such information. Clearly, the holding in *Waggener* was mandated by the statutory language requiring the trial court to *consider* all listed factors. However, the *Waggener* court was not presented with the question now before us, *i.e.,* whether *findings of fact* are required on each factor listed in the statute.

The trial judge in the instant case heard evidence on each of the factors enumerated in RCW 26.09.190. Most of the testimony at trial centered around the issue of child custody. Testimony regarding the statutory factors was offered by a staff member of the family court and a psychiatrist as authorized by RCW 26.09.220. Both the father and mother testified as did a woman friend of the father and a teacher of one of the children. The wishes of the parents and the children, the children's relationship to their parents, their school and their community, and the mental health of all the individuals involved were discussed thoroughly. In absence of evidence to the contrary, we assume the trial court discharged its duty and considered all evidence before it. *Feak v. Lacamas Valley Ranch, Inc.,* 34 Wn.2d 798, 210 P.2d 133 (1949). Thus, the specific language of RCW 26.09.190 and the holding of *Waggener,* requiring

the trial court to *consider* the enumerated factors, clearly have been met.

In addition to the statutory factors that must be *considered,* the trial court also must make findings of fact in connection with all final decisions in custody and divorce proceedings. CR 52(a)(2)(B). The trial judge met this requirement. Specific findings of fact were made on the fitness of the father as a custodian as well as on the emotional and behavioral problems of the mother felt to have caused psychological problems for the children. The trial judge's oral opinion and the factual findings clearly indicate that the statutory factors were weighed in determining which parent would be best suited as custodian of the children. The trial court stated, both in its oral opinion and in its findings of fact, that it was making the custody award in accordance with what it deemed to be the best interest of the children.

Despite evidence on the statutory factors contained in the testimony, the trial court's consideration thereof reflected in its oral opinion and findings of fact, and the trial court's compliance with CR 52(a)(2)(B), we are invited to hold that RCW 26.09.190 also requires specific findings on each of the factors enumerated therein. Where, as here, the record indicates substantial evidence was presented on the statutory factors thus making them available for consideration by the trial court and for review by an appellate court, specific findings are not required on each factor.

Respondent argues that even if the statute does not require specific findings of fact, the trial court's award of custody was not supported by substantial evidence. Respondent's contention is not well taken. Whether we would have reached the same conclusion is not the question before us. Similarly, the wisdom of the trial court's decision is not at issue. The sole question is whether there is substantial evidence to support the court's award of custody.

This bitter custody battle stems from a continued deterioration of the marital relationship. No purpose would be

served by dwelling upon the unpleasant testimony regarding the character of the two parties. However, based upon the testimony outlined above we are compelled to hold that there is substantial evidence to support the trial court's determination that it would not be in the best interest of the children to award custody to Mrs. Croley at the time of the trial. What the future may hold is not before us.

Finally, we turn to a motion to intervene filed by the children's maternal grandmother, Rose Clark. Mrs. Clark moved to intervene after trial, but before entry of the findings of fact and decree of dissolution. The motion was denied. Mrs. Clark appealed the denial of her motion in a brief apparently filed as a part of Mrs. Croley's appeal of the custody award. The Court of Appeals did not decide the merits of the motion. Rather, it was remanded to the trial court for determination at the time of new trial.

Mrs. Clark appeared before this court separately with her own attorney. Over Mr. Croley's objection, Mrs. Clark's brief was received and her counsel was permitted, by agreement of Mrs. Croley, to use a portion of her time for oral argument.

In light of the Court of Appeals' decision to remand the case a resolution of the intervention issue was unnecessary. However, because our opinion is to the contrary, it is necessary for us to consider Mrs. Clark's asserted interests. *See* RAP 13.7(b). Therefore, we review the trial court's denial of her petition to intervene.

Mrs. Clark asserts she has a *right* to intervene pursuant to CR 24(a) which provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant *claims an interest relating to the property or transaction* which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties.*

(Italics ours.) Also, RCW 26.09.180(2) provides:

The court may, upon a showing of good cause, permit the intervention [in a child custody proceeding] of other interested parties.

Mrs. Clark's asserted interest is two–fold: (1) an interest in maintaining a close relationship with her grandchildren, and (2) an interest in the welfare of the grandchildren. Mrs. Clark admits she and Mrs. Croley share an interest in the well–being of the children. Without deciding the merits of these interests, we hold that under CR 24(a) they are represented adequately by Mrs. Croley in this appeal. However, Mrs. Clark also asserts she possesses an interest that is distinct from the mother in that she, as a grandmother, offers an alternative placement for the children should the mother be found an unacceptable custodian. In essence, Mrs. Clark, the maternal grandmother, asks the court to consider her as a custodian in lieu of the father.

We have long recognized that, in the absence of a finding of unfitness, one of the parents should be awarded custody and control of their children. *In re Becker,* 87 Wn.2d 470, 553 P.2d 1339 (1976); *In re Sego,* 82 Wn.2d 736, 513 P.2d 831 (1973); *In re Ward,* 39 Wn.2d 894, 239 P.2d 560 (1952); *In Re Neff,* 20 Wash. 652, 56 P. 383 (1899). The preference of parental custody is overcome only if the best interests of the child demand it. Based on the evidence at trial, including the testimony of two experts in family matters, the trial court did not find either of the parents to be unfit custodians. It found that as between the two, the children's best interests would be served by awarding custody to the father. This fact combined with the continuity of interest between the mother and grandmother supports the trial court's denial of the motion to intervene as a matter of *right*.

Mrs. Clark asserts she also meets the requirement for permissive intervention but states no reason and cites no authority to support the assertion. We will not attempt to construct an argument on Mrs. Clark's behalf when she failed to do so herself. *State v. Wood,* 89 Wn.2d 97, 569 P.2d 1148 (1977).

The trial court is affirmed on the merits on the basic appeal and the denial of the petition to intervene is affirmed as well.

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

Reconsideration denied February 8, 1979.