[No. 3925–II.   Division Two.   January 15, 1981.]

*In the Matter of the Marriage of* STEWART W. MURRAY,
*Appellant, and* KATHERINE J. MURRAY,
*Respondent.*

188

*Alan Rasmussen,* for appellant.

*A'lan Hutchinson,* for respondent.

PETRIE, J.—In this appeal we are asked to evaluate the adequacy of a trial court's consideration of the statutory factors for awarding child custody in a dissolution proceeding. We find an extensive evidentiary record was made, but the court's written findings of fact and its oral opinion fail to reflect a consideration of the elements of RCW 26.09.190. Accordingly, we remand to the original trial judge for entry of findings of fact and conclusions of law in accordance with the statute and CR 52(a)(2)(B).

In 1978 the parties separated and Katherine Murray commenced dissolution proceedings to terminate her 4–year marriage to Stewart Murray. The battle lines were drawn over a familiar problem in dissolution proceedings, child custody. In February 1978, a judge pro tempore awarded custody of the then 14–month–old son to the husband, Stewart Murray. Katherine Murray received permanent custody of the child at the conclusion of the dissolution hearing in December 1978.

At trial, both parties testified that they considered the other a good parent but each desired custody. The court heard extensive testimony from the parties, maternal and paternal grandparents, a child psychologist, the child's

physician, and individuals the parents suggested would care for the child during their working days. The court found both parents to be fit. But noting the child's age and the need for maternal influence, the court awarded custody to the wife. The husband appeals contending the trial court did not consider the statutory factors and erroneously based its decision on the "tender years doctrine."

As an appellate court we are reluctant to disturb a child custody disposition because of the trial court's unique opportunity to personally observe the parties. *In re Marriage of Timmons,* 94 Wn.2d 594, 617 P.2d 1032 (1980). When written findings of fact do not clearly reflect a consideration of the statutory factors, resort can be made to the court's oral opinion. *See In re Marriage of Dalthorp,* 23 Wn. App. 904, 598 P.2d 788 (1979). When evidence of those factors is before the court and its oral opinion and written findings reflect consideration of the statutory elements, specific findings are not required on each factor. *In re Marriage of Croley,* 91 Wn.2d 288, 588 P.2d 738 (1978).

Although the trial record contains substantial evidence to provide a basis for analysis of the statutory factors, particularly the child's relationship with others, we cannot find the court made its determination by applying those statutory factors.[1] Any presumption that the trial court considered the statutory factors is rebutted by the failure of the written findings or oral opinion to reflect any application of the statutory elements or to even mention the best interests

---

[1] RCW 26.09.190 provides:

"The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

"(1) The wishes of the child's parent or parents as to his custody and as to visitation privileges;

"(2) The wishes of the child as to his custodian and as to visitation privileges;

"(3) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

"(4) The child's adjustment to his home, school, and community; and

"(5) The mental and physical health of all individuals involved.

"The court shall not consider conduct of a proposed guardian that does not affect the welfare of the child."

of the child.[2] Accordingly, we remand the case to the trial court for entry of findings which permit resolution of the basic issue in accordance with the statutory mandate.

In making the award the trial court discussed the child's young age and his need for a maternal influence, or in the vernacular, the tender years doctrine. Although not necessary to our disposition, we address the role of the doctrine in the child custody cases to guide the trial court on remand. Briefly stated, the doctrine is based on the premise that "[a] mother's care and influence is regarded as particularly important for children of tender age . . ." *Horen v. Horen,* 73 Wn.2d 455, 460, 438 P.2d 857 (1968). In the past, Washington courts have considered it a factor in determining "the best interests of the child," and it had significant importance in custody awards concerning very young children. *Chatwood v. Chatwood,* 44 Wn.2d 233, 266 P.2d 782 (1954); *Patterson v. Patterson,* 51 Wn.2d 162, 316 P.2d 902 (1957); *In re Palmer,* 81 Wn.2d 604, 503 P.2d 464 (1972). Since the passage of the marriage dissolution act of 1973 and the State's equal rights amendment,[3] Washington

---

[2]The written and oral findings of the judge reflect his concern for the child's young age. But the findings do not reflect the individualized determination necessary under the statute. *See* Rieke, *The Dissolution Act of 1973: From Status to Contract?* 49 Wash. L. Rev. 375, 410 (1974).

As to custody, the court entered only the following written finding:

3. CHILDREN AND CUSTODY. That one child has been born as issue of this marriage, to–wit: SEAN W. MURRAY, born November 16, 1976. The child has been raised by the mother since its infancy [obviously incorrect because of the 10 months in which the father had custody] and she is a fit mother. A child of this age should be with the mother. That the respondent/mother herein is a fit and proper person to whom should be awarded the care, custody and control of the minor child with reasonable rights of visitation to the petitioner/husband. The petitioner/husband is also a fit parent. The respondent/mother shall not remove the child permanently from the jurisdiction of the court, except by application thereto.

The court's oral opinion reflects even stronger the court's determination of custody based solely on the tender years doctrine.

[3]In his brief appellant contended that application of the tender years doctrine violated the State's equal rights amendment, Const. art. 31, § 1:

Equality of rights and responsibility under the law shall not be denied or abridged on account of sex.

courts have not addressed the doctrine's continued viability.

A trial court making a child custody award may give significant consideration to the child's need for a warm and loving relationship and to each parent's unique ability to fulfill that need,[4] so long as it also gives weight to the statutory custodial factors. We are mindful of the disconcerting fact that resolution of child custody problems often "tax the wisdom of Solomon." *In re Walker,* 43 Wn.2d 710, 719, 263 P.2d 956 (1953). Nevertheless, we caution trial courts not to resort to short–cut phraseology which includes deteriorating presumptions. Custody awards based *solely* on the tender years doctrine shorthand undermine the statutory scheme, lend to cursory fact finding, and encourage judges to interject their own personal beliefs on family life and sex roles. *See* Roth, *The Tender Years Presumption in Child Custody Disputes,* 15 J. Fam. L. 423, 457 (1977). Instead, each case should be based on a thoughtful, individualized determination.

Respondent/wife's request for attorney's fees is denied.

We remand for entry of findings mandated by statute.

PEARSON, A.C.J., and PETRICH, J., concur.

---

At oral argument, however, appellant argued solely that the court erred in considering only the tender years doctrine in making its award and by failing to consider the statutory factors. Furthermore, appellant conceded the doctrine may have a role as a tiebreaker in some cases. Accordingly, we deem the asserted constitutional error has been abandoned.

[4]This factor may be considered "mothering" but it should not be considered an attribute confined to the female sex. "'The word "mothering" in this context denotes a function rather than a person; this function does not necessarily reside in the biological mother.'" Roth, *The Tender Years Presumption in Child Custody Disputes,* 15 J. Fam. L. 423, 449 (1977).