FILED
COURT OF APPEALS
DIVISION II

2013 MAR 26 AM 9: 27

STATE OF WASHINGTON

BY_____
              DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re Parentage of E.S. and S.S., | No. 42210-7-II |
| Children, | |
| HEATHER HAYS, | |
| Respondent, | |
| v. | |
| SEBASTIAN SOTO, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J. — After a bench trial, the trial court granted primary residential custody of E.S. and S.S. to their mother, Heather Hays. The trial court based its decision on findings that the children's father, Sebastian Soto, had engaged in domestic violence against Hays, and abusive use of conflict. Soto appeals the final parenting plan granting primary residential custody to Hays, arguing that the trial court abused its discretion because the trial court disregarded evidence of abuse and neglect, and the recommendation of the guardian ad litem (GAL). The trial court did not abuse its discretion when it designated Hays as the primary residential parent. We affirm the final parenting plan.

## FACTS

Hays and Soto had two children: E.S. and S.S.[1] Hays also had two older children by different fathers: D.B. and A.A. On December 24, 2008, Hays filed a petition for a residential schedule/parenting plan and child support. On June 17, 2010, the trial court entered a temporary parenting plan. The temporary parenting plan granted primary residential custody to Soto.

On March 21 through 23, 2011, the trial court held a bench trial to determine a final parenting plan. Soto, Hays, and Ralph Smith, the court-appointed GAL, testified at the bench trial. The trial court also heard testimony from various family members and the children's day-care workers.

The trial court issued its oral ruling on March 31, 2011. The trial court entered written findings of fact and conclusions of law and a final parenting plan on May 13, 2011. The trial court made the following, relevant, findings of fact:

1.     [Soto] has had significant contact with law enforcement, some of which has involved his alcohol use; and the absence of a criminal conviction does not mean there has not been trouble.
2.     [Soto] used alcohol even after the written recommendation of a substance abuse evaluation that he not use alcohol.

. . . .

4.     There is a history of significant domestic violence by [Soto] committed on [Hays], including use of a crutch as a weapon to strike her, leaving bruises on her arm.

. . . .

6.     [Soto] has engaged in abusive use of conflict towards [Hays] by changing daycare without her agreement or knowledge; by refusing to change the exchange location so that [Hays], who did not have a car, and the children would not have to spend several hours on the bus when exchanging the children; and by not allowing the children to speak to [Hays] on the phone.
7.     [Soto] has not complied with the temporary order requirement of joint decision-making regarding daycare and healthcare.

. . . .

---

[1] The children are referred to by initials to protect their privacy.

9.  [Soto] used inappropriate discipline with an older child of [Hays] by attempting to pour urine over his head as a consequence of wetting the bed.

10. After [S.S.] fractured his skull falling in the bathtub when [Hays] answered the door, [Hays] agreed with [Child Protective Services] to a safety plan and did not violate it.

Clerk's Papers (CP) at 58-59.[2] The trial court did not restrict Soto's residential time provided he receive alcohol and domestic violence evaluations and comply with any treatment requirements.

In its oral ruling, the trial court stated that it found the testimony regarding the domestic violence allegations credible, especially the allegation that Soto hit Hays with a crutch. The trial court also determined that, based on the testimony, Soto had unilaterally changed the child's day care, refused to allow Hays phone contact with the children, and failed to inform Hays of medical appointments. In addition, the trial court noted that S.S.'s injuries came primarily from his tendency to be a little "out of control." Report of Proceedings (RP) (Mar. 31, 2011) at 13. In its oral ruling, the trial court emphasized that its decision granting Hays primary residential time and sole decision making was based on Soto's interference with Hays's relationship with the children and because Soto "essentially has been calling the shots." RP (Mar. 31, 2011) at 16.

Based on the findings of fact and conclusions of law, the trial court issued a final parenting plan. The trial court determined that under RCW 26.09.191(3), Soto's conduct may have an adverse effect on the children's best interests. Under the final parenting plan, Hays was designated the primary residential parent. The trial court granted sole decision making regarding education, day care, and nonemergency health care to Hays. Soto timely appeals the final parenting plan.

---

[2] These findings of fact are listed under section 2.10, Other.

## ANALYSIS

### FINDINGS OF FACT

Soto challenges findings of fact 4, 5, and 10. He also challenges finding of fact 6 "insofar as the father had a legitimate reason to keep the exchange point for the children at the Olympia Police Department." Br. of Appellant at 2. Although Soto argues that the trial court's findings of fact are not based on substantial evidence in the record, Soto is essentially asking us to review the trial court's credibility determinations and disregard the evidence with which he does not agree. After accepting the trial court's credibility decisions, which we must, substantial evidence supports the challenged findings of fact.

We review findings of fact for substantial evidence and conclusions of law de novo. *In re Marriage of Zier*, 136 Wn. App. 40, 45, 147 P.3d 624 (2006), *review denied*, 162 Wn.2d 1008 (2007). Unchallenged findings of fact are verities on appeal. *In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999). We defer to the trier of fact for the purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence and credibility of the witnesses. *Thompson v. Hanson*, 142 Wn. App. 53, 60, 174 P.3d 120 (2007), *aff'd*, 168 Wn.2d 738, 239 P.3d 537 (2009).

First, Soto challenges finding of fact 4:

> There is a history of significant domestic violence by [Soto] committed on [Hays], including use of a crutch as a weapon to strike her, leaving bruises on her arm.

CP at 59. Here, the trial court found Hays's account of the domestic violence incidents that Soto committed against her to be credible. Hays testified that on one occasion, Soto held her down and slapped her. On another occasion, Soto threw her on the floor and kicked her. On a third occasion, Soto pushed her against a door, attempted to strangle her, and hit her with one of his

crutches. Based on Hays's credible testimony, substantial evidence supports the trial court's finding that Soto committed acts of domestic violence against Hays.[3]

Soto also challenges findings of fact 5, 6, and 10, but offers no argument as to why they are unsupported by substantial evidence. We do not review issues that are unsupported by argument or authority in the briefing. RAP 10.3(a)(6). Accordingly, Soto waived his challenges to the additional findings of fact.

RESIDENTIAL PLACEMENT

Soto argues that the trial court abused its discretion by granting primary residential custody to Hays. According to Soto, the trial court improperly disregarded evidence regarding Hays's parenting and, thus, failed to properly evaluate the required factors under RCW 26.09.187(3)(a). But the trial court weighed the evidence presented at trial and properly applied the factors in RCW 26.09.187(3)(a). Therefore, the trial court did not abuse its discretion when determining the residential placement in the final parenting plan.

We review a trial court's ruling on placement of children for an abuse of discretion. *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Kovacs*,

---

[3] Soto argues that this testimony is not substantial evidence supporting the trial court's finding because it was self-serving and uncorroborated. Soto states, "[S]everal courts have observed that paternity adjudications are highly susceptible to error because of the absence of eyewitness testimony and the likelihood of self-serving testimony." Br. of Appellant at 23 (citing *State v. James*, 38 Wn. App. 264, 271, 686 P.2d 1097, *review denied*, 103 Wn.2d 1004 (1984)). But *James* is irrelevant. The issue presented in *James* was whether an indigent defendant in a paternity suit is required to be provided with counsel. 38 Wn. App. at 266. Therefore, the trial court was required to evaluate the risk of erroneous adjudication to determine whether due process in a paternity action requires procedural safeguards such as an appointed attorney. *James*, 38 Wn. App. at 267, 271 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). Nothing in *James* stands for the proposition that we may disregard a trial court's credibility determinations.

121 Wn.2d at 801. The trial court's decision is manifestly unreasonable if it is outside the range of acceptable choices given the facts and the applicable legal standard. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). The trial court's primary consideration is the best interests of the children. *Littlefield*, 133 Wn.2d at 52. Because of the trial court's "unique opportunity to personally observe the parties," we will only disturb a custody designation when both the written findings of fact and the trial court's oral opinions express a failure to consider the required factors under RCW 26.09.187(3)(a). *In re Marriage of Murray*, 28 Wn. App. 187, 189, 622 P.2d 1288 (1981).

RCW 26.09.187(3)(a) requires that the trial court consider seven enumerated factors:

> (i) The relative strength, nature, and stability of the child's relationship with each parent;
> (ii) The agreements of the parties, provided they were entered into knowingly and voluntarily;
> (iii) Each parent's past and potential for future performance of parenting functions . . . including whether a parent has taken greater responsibility for performing parenting functions relating to the daily needs of the child;
> (iv) The emotional needs and developmental level of the child;
> (v) The child's relationship with siblings and with other significant adults, as well as the child's involvement with his or her physical surroundings, school, or other significant activities;
> (vi) The wishes of the parents and the wishes of a child who is sufficiently mature to express reasoned and independent preferences as to his or her residential schedule; and
> (vii) Each parent's employment schedule, and shall make accommodations consistent with those schedules.

In addition to the seven factors in RCW 26.09.187(3)(a), the trial court shall also consider the limiting factors set out in RCW 26.09.191. A parent's decision-making functions and residential time may be limited if the trial court finds that the parent engaged in acts of domestic violence. RCW 26.09.191(1)(c), (2)(a)(iii). A trial court may also "preclude or limit any provisions of the parenting plan" if the parent's conduct may have an adverse effect on the child's best interests.

RCW 26.09.191(3). Abusive use of conflict and withholding the other parent's access to the children may have an adverse effect on the child's best interest. RCW 26.09.191(3)(e), (f).

Soto argues that the trial court abused its discretion because (1) it disregarded evidence that Hays neglected the children, (2) it disregarded evidence that Hays allowed her boyfriend to inappropriately discipline the children, and (3) it improperly applied factors (i) and (iii) of RCW 26.09.187(3)(a) when designating Hays as the primary residential parent. Here, the evidence Soto claims was disregarded by the trial court was not relied on because the trial court either found the evidence unconvincing or because the trial court found contrary evidence more credible. Accordingly, the trial court did not abuse its discretion by not relying on this evidence. The trial court's written and oral rulings demonstrate that the trial court considered all the evidence presented and the required factors under RCW 26.09.187(3)(a), as well as the limiting factors in RCW 26.09.191, and made its decision based on the best interests of the children. Therefore, the trial court did not abuse its discretion by designating Hays as the residential parent.

Soto also argues that the trial court did not properly consider the required factors under RCW 26.09.187(3)(a). The record clearly demonstrates that the trial court applied the evidence to each applicable factor, as well as applying the evidence to the limiting factors under RCW 26.090.191. The trial court found that both parents had loving, stable relationships with their children. RCW 26.09.187(3)(a)(i). But the trial court was skeptical about Soto's claim that he was the children's primary caregiver during the relationship considering his alcohol use during that period of time. *See* RCW 26.09.187(3)(a)(iii).

The trial court found that Soto's alcohol use was a concern and ordered him to undergo an evaluation to ensure that it would not interfere with his future parenting abilities. And the

trial court determined that Soto's unilateral decision making, e.g., removing the children from day care, refusing to inform Hays of the children's doctor appointments, and not permitting Hays to speak to the children unless she called from her home phone, etc., harmfully interfered with Hays's relationship with the children. RCW 26.09.191. Moreover, Soto was oblivious to the damaging effects of his behavior in the children.

Here, the trial court considered the required factors in RCW 26.09.087(3)(a) and applied the limiting factors under RCW 26.09.191 to determine the best interests of the children. The trial court determined that until the parties were able to work together to parent cooperatively, it was in the children's best interests for Hays to be the primary residential parent to minimize Soto's ability to interfere with her relationship with the children. Because the trial court's decision was based on consideration of all the evidence and the required statutory factors as well as the best interests of the children, the trial court did not abuse its discretion by designating Hays as the primary residential parent.

GUARDIAN AD LITEM

Finally, Soto alleges that the trial court erred by disregarding the GAL's recommendation that he be designated the primary residential parent. The trial court may disregard the GAL's recommendations if other evidence does not support them or if it finds other testimony more convincing. *Fernando v. Nieswandt*, 87 Wn. App. 103, 107, 940 P.2d 1380, *review denied*, 133 Wn.2d 1014 (1997). We review the trial court's decision on whether to rely on the opinion of the GAL for abuse of discretion. *See Fernando*, 87 Wn. App. at 108 (applying an abuse of discretion standard when appellant argued that the trial court erred by accepting the recommendation of the GAL over the opinions by the appellant's experts).

Here, the GAL's recommendation was based on several facts which the trial court found were contradicted by the evidence. The GAL was unaware that Soto continued to use alcohol contrary to the evaluator's recommendation, but the trial court found that Soto had used alcohol against the express recommendation of the evaluator even though alcohol had previously caused Soto problems in his life. The GAL also disregarded Hays's claims about a history of domestic violence because he mistakenly believed they were uncorroborated. The trial court expressly rejected the GAL's opinion and made explicit findings that there had been a history of domestic violence committed by Soto against Hays. Finally, the GAL's opinion relied heavily on information that Hays's live-in boyfriend had previously used threats and spanking to discipline the children. And the GAL admitted that if Hays was no longer allowing "strange men" to discipline her children, it would change his opinion. RP (Mar. 21-22, 2011) at 134. At the time of the trial court's ruling, Hays's boyfriend had moved out of her apartment and was no longer involved with the children.

The trial court clearly found Hays's testimony more credible than the GAL's opinion that the reports of domestic violence were unsubstantiated or inconsequential. Furthermore, the evidence of Soto's continued alcohol use and that Hays's boyfriend was no longer involved with the children did not support the GAL's report because the GAL was not aware of it when forming his recommendation. The GAL's recommendation was not supported by other evidence presented at trial and was contradicted by evidence that the trial court found more credible. Accordingly, the trial court did not abuse its discretion by disregarding the GAL's recommendation. *Fernando*, 87 Wn. App. at 107-08.

No. 42210-7-II

ATTORNEY FEES

Both parties request attorney fees on appeal under RAP 18.1 and RCW 26.09.140. In appeals related to custody determinations, the prevailing party standard does not apply and appellate courts consider the financial resources of both parties. *In re Marriage of Wilson*, 117 Wn. App. 40, 51, 68 P.3d 1121 (2003). RCW 26.09.140 provides that "[u]pon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs." Both parties filed affidavits of financial need as required by RAP 18.1(c), but the affidavits do not establish that one party has significantly more resources than the other. We decline to award attorney fees to either party.

The trial court did not abuse its discretion in creating the final parenting plan or by designating Hays as the primary residential parent. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, J.

We concur:

JOHANSON, A.C.J.

BJORGEN, J.

10