**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In re the Marriage of: | No. 47303-8-II |
| SARAH J. BROWN, | UNPUBLISHED OPINION |
| Appellant, | |
| v. | |
| WILL J. BROWN, | |
| Respondent. | |

BJORGEN, C.J. — Sarah Brown appeals the trial court's order designating both her and her ex-husband, Will Brown, to equally share custody of their children. She argues that (1) the trial court did not consider all the pertinent law before adopting the guardian ad litem's (GAL) recommendations for the parenting plan; (2) substantial evidence does not support some of the trial court's findings of fact based on RCW 26.09.187(3)(a); and (3) the trial court erred by depriving her of the presumption of relocation. Will[1] requests attorney fees pursuant to RCW 26.09.140 and RAP 18.9.

We hold that the trial court considered the germane law before adopting the GAL's recommendations for the parenting plan and that substantial evidence in the record supports the findings of fact that Sarah challenged. We decline to address Sarah's third argument because of her failure to comply with RAP 10.3(a)(6). Finally, we decline Will's request for attorney fees.

Accordingly, we affirm.

---

[1] We refer to the parties by their first name to avoid confusion throughout this opinion. No disrespect is intended.

FACTS

Sarah and Will Brown were married in 2008 and had two children. After approximately five and a half years of marriage, Sarah petitioned the court for legal separation. Ex. 5 at 2. The separation proceeding was eventually converted into a dissolution proceeding, which required, among other things, that the court approve a parenting plan for the children. Because of the nature of the couple's allegations against each other, the court appointed a GAL to conduct an investigation and to make a custodial recommendation. RCW 26.09.220. In her final report, the GAL ultimately recommended a split custody arrangement with the children residing with each parent half of the time.

At the bench trial to determine custody arrangements, the GAL testified in accordance with her final report that it was in the best interests of the children to have two half-time parents. After hearing the testimony of the GAL, Sarah, and Will, the trial court delivered an oral ruling and made several findings. Pertinent to this appeal, the trial court found (1) that the children were both bonded to Will and Sarah, (2) that although Sarah was the primary parent during their marriage, Will was involved with the children to the extent his work schedule permitted, and (3) that after the couple physically separated, Will made a greater effort to be involved in the children's lives.

Based on these findings and others[2], the trial court ultimately adopted the GAL's recommended parenting plan to create an equally shared custody arrangement between Sarah and Will. Sarah appeals.

---

[2] In accordance with RCW 26.09.187(3)(b), the trial court also orally found that Will and Sarah lived in close geographic proximity to each other and that it was in the best interests of the children to be equally shared between the parents. Sarah does not challenge this finding.

## ANALYSIS

### I. STANDARD OF REVIEW

We review a trial court's final parenting plan for an abuse of discretion. *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012). A trial court abuses its discretion when it makes a decision that "is manifestly unreasonable or based on untenable grounds or untenable reasons." *Id*. "As an appellate court[,] we are reluctant to disturb a child custody disposition because of the trial court's unique opportunity to personally observe the parties." *In Re Marriage of Murray*, 28 Wn. App. 187, 189, 622 P.2d 1288 (1981).

We treat the trial court's findings of fact as verities as long as they are supported by substantial evidence. *Katare*, 175 Wn.2d at 35. "Substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the matter asserted." *Id*. We review the trial court's conclusions of law by determining whether the findings of fact support those conclusions. *In re Marriage of Fahey*, 164 Wn. App. 42, 55-56, 262 P.3d 128 (2011).

### II. TRIAL COURT'S CONSIDERATION OF RELEVANT LAW

Sarah first argues that the trial court failed to analyze or did not give appropriate weight to the factors listed in RCW 26.09.187(3)(a) before adopting the GAL's recommended 50/50 parenting plan. We disagree.

A trial court has discretion to disregard or to adopt a GAL's recommendation for a parenting plan. *See Fernando v. Nieswandt*, 87 Wn. App. 103, 107, 940 P.2d 1380 (1997). Before adopting the GAL's final parenting plan or crafting its own parenting plan, the trial court "shall consider" the enumerated factors in RCW 26.09.187(3)(a). *See also Jacobson v. Jacobson*, 90 Wn. App. 738, 743-45, 954 P.2d 297 (1998). However, RCW 26.09.187(3)(a) does not require the trial court to specifically list each factor in its ruling or to make a tailored

finding as to each factor. *In re Marriage of Shui & Rose*, 132 Wn. App. 568, 591, 125 P.3d 180 (2005); *see Jacobson*, 90 Wn. App. at 742-43, 745-46.

Here, in summing up its ruling regarding custody, the trial court made clear that it considered all the RCW 26.09.187(3)(a) factors before adopting the GAL's recommendation for split custody:

> I think that takes care of all the residential provisions. I tried in my preliminary comments to basically -- although I didn't articulate specifically the statutory factors for the adoption of residential provisions in the permanent parenting plan, that is what I was trying to articulate was the strength of the relationships, past and future potential for parenting functions, relationships with siblings and all of that. I was trying to do that without specifically referring to the statutory factors directly.

Report of Proceedings (RP) (Jan. 15, 2015) at 15-16. The trial court was correct that it did not need to specifically list each factor in making its determination. The trial court's comment above, coupled with an examination of the trial court's oral ruling in its entirety shows that it considered all the required factors in RCW 26.09.187(3)(a). Accordingly, Sarah's claim that the trial court did not consider all the RCW 26.09.187(3)(a) factors fails.

Sarah next argues that the GAL should have considered the RCW 26.09.187(3)(a) factors before making its custodial recommendation to the trial court. RCW 26.09.187(3)(a) reads "*the court* shall consider the following factors: . . ." (Emphasis added.) Thus, RCW 26.09.187(3)(a) requires the trial court, not the GAL, to consider the statutory factors. Even if the GAL did not consider the factors before making its recommendation, the trial court did so in accordance with RCW 26.09.187(3)(a) before adopting the GAL's recommendation.

Finally, Sarah contends that the trial court did not consider RCW 26.09.002 in its ruling. RCW 26.09.002 states the policies generally underlying the Parenting Act of 1987, chapter 26.09 RCW. Those policies, the overriding one of which is the best interest of the child, are

effectuated through the trial court's application of RCW 26.09.187(3). *Compare* RCW 26.09.187(3)(a) *with* RCW 26.09.002. The trial court properly applied RCW 26.09.187(3)(a) in making its decision and stated: "I do believe that it is in the best interest of these girls . . . that I am going to adopt the [GAL]'s proposal of a 50/50 residential provision." RP (1-15-15) at 15. Therefore, the trial court's application of RCW 26.09.187(3) demonstrates it considered the policies underlying RCW 26.09.002 before ordering the parenting plan.

Accordingly, we hold that the trial court utilized and considered the pertinent law before adopting the GAL's recommendation for Sarah and Will's final parenting plan.[3]

## II. SUBSTANTIAL EVIDENCE

Next, Sarah argues that there is not substantial evidence in the record to support the trial court's findings, which, in turn, support the conclusion that an equally shared parenting arrangement was in the best interests of the children. Specifically, she contends[4] the trial court erred in its findings related to RCW 26.09.187(3)(a)(i) and (iii), which require a trial court to consider:

> (i) The relative strength, nature, and stability of the child's relationship with each parent;
> . . . .
> (iii) Each parent's past and potential for future performance of parenting functions as defined in *RCW 26.09.004(3), including whether a parent has taken greater

---

[3] Sarah also contends that the trial court did not properly consider RCW 26.09.184. Sarah did not assign error to this claim nor did she articulate a specific argument pertaining to RCW 26.09.184. RAP 10.3(a)(6). RCW 26.09.184 lists the provisions that a final parenting plan must contain, but does not list any additional factors that the trial court must consider before crafting a parenting plan. Without a particular challenge that the trial court failed to enter a required provision from RCW 26.09.184, this claim necessarily fails.

[4] Although Sarah generally challenges the findings under each factor in her briefing, her analysis only pertains to the first and third factor. Thus, we decline to address whether substantial evidence supports every factor because Sarah fails to support those challenges with appropriate authority or argument. RAP 10.3(a)(6).

responsibility for performing parenting functions relating to the daily needs of the child.

Pertinent to factor one's consideration of "[t]he relative strength, nature, and stability of the child's relationship with each parent," RCW 26.09.187(3)(a)(i), the trial court found that "each parent is very well bonded to the girls and they to them." RP (Jan. 15, 2015) at 8. Turning to the relevant evidence, the GAL reported that she visited Will's residence and observed him with the children, concluding "[b]oth children appear to be bonded to Will, and he to them." Ex. 53 at 22. Her testimony at trial corroborated these observations. Furthermore, she testified that the couple's daycare instructor had observed both parents' interaction with the children and concluded that the children were equally excited to see both parents. The GAL's report and testimony supply substantial evidence for the trial court's finding related to RCW 26.09.187(3)(a)(i).

Relevant to factor three's consideration of "past . . . performance of parenting functions," RCW 26.09.187(3)(a)(iii), the trial court found that during the couple's marriage, Sarah "performed the majority of parenting functions" as a "stay-at-home mom." RP (Jan. 15, 2015) at 6. However, the court also found that Will "did participate to the extent that his work schedule would allow including changing diapers, reading bedtime stories and preparing Saturday morning breakfast with the girls." *Id.* The GAL and Sarah testified that the couple had planned for Sarah to stay at home and that Will would be the primary worker. Will testified that he chose a specific location to be stationed in the military so that he would be non-deployable and could be around his children more. He also stated that throughout the marriage he ate lunch and dinner with his children, gave baths to them, and assisted with getting them into bed. Sarah testified that even though she considered herself the primary parent, Will would sometimes participate in nighttime routines with the children and would get up early on Saturdays to take care of the

children so she could sleep late.  The testimony of Sarah, Will, and the GAL supply substantial evidence for the trial court's finding related to "past . . . performance of parenting functions." RCW 26.09.187(3)(a)(iii)

Relevant to factor three's consideration of "potential for future performance of parenting functions," RCW 26.09.187(3)(a)(iii), the trial court found that Will's recent actions demonstrated his desire to be a more involved parent.  The trial court specifically stated:

> Dad has made a much greater effort since separation to be involved in those things that he wasn't very involved in very much prior to separation.  I don't think he should be punished for that.  I didn't get the impression that he was doing it just to put on a show for the Court.

RP (Jan. 15, 2015) at 12.  Will testified that after Sarah filed for separation, he left the military and found a position with an engineering firm.  He also stated that when Sarah decided to move to Port Angeles with the children, he also moved there in order to be closer to the children. Will's testimony is substantial evidence to support the trial court's finding related to his "potential for future performance of parenting functions."  RCW 26.09.187(3)(a)(iii).

Certainly, Sarah is correct that there is evidence to support that Will was less bonded and less involved with the children than the trial court found.  However, as outlined above, there was substantial evidence that Will was bonded with his children and that he had made decisions consistent with trying to be an involved parent after their physical separation.  So long as substantial evidence supports the trial court's findings, it does not matter that other evidence may contradict them.  *In re Marriage of Burrill*, 113 Wn. App. 863, 868, 56 P.3d 993 (2002).  The findings related to factors one and three are supported by substantial evidence.  Accordingly, Sarah's claim fails.

### III. PRESUMPTION OF RELOCATION

Sarah argues finally that the trial court erred by not designating her as the primary parent in the parenting plan because it deprives her of the presumption of relocation. Will argues that Sarah provides no argument or authority to support her contention. Besides the assignments of error, Sarah's argument section contains a single sentence that directs no further light on the issue. Without proper argument, we agree with Will that Sarah failed to address the issue under RAP 10.3(a)(6). Accordingly, we decline to examine this claim.

### IV. ATTORNEY FEES

Will asks for attorney fees on appeal pursuant to RCW 26.09.140 and RAP 18.9. We decline his request under both provisions.

Will first maintains that we should award attorney fees because Sarah "file[d] a frivolous appeal." RAP 18.9(a); Br. of Resp't at 20. Sarah's appeal would be frivolous only if there were no debatable issues upon which reasonable minds might differ and it was so totally devoid of merit that there was no reasonable possibility of reversal. *In re Marriage of Meredith*, 148 Wn. App. 887, 906, 201 P.3d 1056 (2009). Although Sarah's arguments approach the frivolous overall, we find enough merit in her contentions to decline attorney fees under RAP 18.9.

Will also requests attorney fees under RCW 26.09.140, which reads in pertinent part that "[u]pon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." However, before awarding a fee pursuant to RCW 26.09.140, we must also consider each party's financial resources and the losing party's ability to pay the other's attorney fees. *See In re Marriage of Mansour*, 126 Wn. App. 1, 17, 106 P.3d 768 (2004). The record reveals that Sarah is currently in nursing school, has no employment, and has very little money. Will does not

argue that he does not have the means to pay his own attorney fees or that Sarah otherwise has the financial ability to do so. *See In re Marriage of Griffin*, 114 Wn.2d 772, 780, 791 P.2d 519 (1990). Thus, we find that the parties' relative financial positions do not lend themselves to an award of attorney fees to Will under RCW 26.09.140.

Accordingly, we deny Will's request for attorney fees under both RAP 18.9 and RCW 26.09.140.

CONCLUSION

We hold that the trial court considered all the pertinent law before adopting the GAL's recommended parenting plan and that substantial evidence supports the findings Sarah challenged. We decline to address Sarah's argument that the trial court erred by denying her the presumption of relocation. Finally, we deny Will's request for attorney fees. Therefore, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
BJORGEN, C.J.

We concur:

_____
WORSWICK, J.

_____
MAXA, J.