# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LISA SUSAN SMITH, | No. 52099-1-II |
| Respondent, | |
| v. | |
| CHRIS JEFFREY RAYMOND, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Chris Raymond, a self-represented litigant (SRL), appeals the trial court's child custody modification order, which conditioned his visitation rights upon receiving evaluation and treatment.

Raymond argues that the trial court erred because: it did not have personal jurisdiction over him; he received insufficient service of process; and he received insufficient notice regarding trial and hearings. He also argues the trial court based the modification on insufficient or inaccurate evidence; it violated his right to procedural due process; it treated him unfairly; and he never received proper disclosure of evidence and expert witnesses.

We affirm.

## FACTS

This custody dispute between Lisa Smith and Raymond involves their eight-year-old son, AR. In 2012, a Massachusetts court granted Smith sole custody of AR. Sometime thereafter, Smith moved to Kansas. In 2015, a Kansas court modified custody by temporarily suspending Raymond's physical visitation of AR.

Smith and AR have lived in Washington since June 14, 2015. Smith registered her out-of-state child custody order in Pierce County. Smith later filed a petition for a child custody modification, which is the genesis of this appeal. Aside from motions filed by Raymond, the record we have of the proceedings below is sparse.

In August 2015, Hillaree Haberle, Raymond's girlfriend who lived at Raymond's residence, was personally served with the registration of foreign judgment. In May 2016, the court permitted Raymond to be served by mail. The court scheduled a hearing under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) "to determine whether Washington or Massachusetts ha[d] jurisdiction." Clerk's Papers (CP) (Aug. 2, 2017) at 86. The court found Washington had jurisdiction. Between April 2016 and April 2017, Raymond filed five motions to dismiss Smith's petition for custody modification, largely based on lack of personal jurisdiction, insufficient process, and insufficient service of process. He also filed a motion to strike the confidential report of the Guardian ad Litem. In April 2017, the court ordered that both parties schedule alternative dispute resolution before the trial date. The parties did not resolve the dispute.

Trial occurred in May 2017. At trial, Raymond renewed his objection to the court's personal jurisdiction over him, to which the court responded, "I definitely have jurisdiction over the child." Report of Proceedings (RP) at 8. A trial occurred, and approximately two weeks later, the court signed the final order and findings for a parenting plan. It incorporated a modified parenting plan and the court's oral rulings made at trial. In the order, the court found Raymond received notice and the court had jurisdiction over him. The court also found Washington to be AR's home state.

2

The court's custody modification required that Raymond be evaluated for reunification and that he comply with any treatment recommended by the evaluation. Until Raymond completed such evaluation and treatment, he had no visitation rights.

Raymond appealed directly to the Supreme Court, which transferred the case to this court.

ANALYSIS

I.  LEGAL PRINCIPLES

A party seeking review bears the burden to perfect the record so that the reviewing court has before it all the evidence relevant to the issues raised on appeal. RAP 9.1-.7; *Dash Point Vill. Assocs. v. Exxon Corp.*, 86 Wn. App. 596, 612, 937 P.2d 1148 (1997), *amended on recons.*, 971 P.2d 57 (1998). "Even though the entire record is not required, 'those portions of the verbatim report of proceedings necessary to present the issues raised on review' must be provided to the court." *Dash Point Vill. Assocs.*, 86 Wn. App. at 612 (quoting RAP 9.2(b)).

RAP 10.3(a)(6) requires that an appellant state "[t]he argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Where an appellant fails to comply with the rule by providing only passing treatment and inadequate argument of issues, we will not review them. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012). SLRs are held to the same standards as attorneys and must comply with all procedural rules on appeal. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 308, 45 P.3d 1068 (2002).

II.  PERSONAL JURISDICTION

Raymond argues that Washington State does not have personal jurisdiction over him under *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), and its

progeny. Therefore, Raymond argues that the trial court lacked the authority to sanction him by ordering that he complete evaluation and treatment, and lacked the authority to terminate his parental rights. We disagree.

Whether a superior court has authority pursuant to the UCCJEA to exercise its jurisdiction is a mixed question of law and fact: we defer to the superior court's unchallenged factual findings, but review de novo its legal conclusions. *In re Marriage of McDermott*, 175 Wn. App. 467, 483, 307 P.3d 717 (2013).

In Washington, jurisdiction is established for out-of-state child custody orders under the UCCJEA. RCW 26.27.021(4), .221. The UCCJEA bases its jurisdiction on the child's connection with the state. RCW 26.27.201. Custody proceedings are proceedings affecting the child's status, and therefore, personal jurisdiction over an affected parent is not required. RCW 26.27.201(3); *In re Marriage of Tsarbopoulos*, 125 Wn. App. 273, 281, 104 P.3d 692 (2004).

Raymond erroneously conflates personal jurisdiction under *International Shoe* and jurisdiction under the UCCJEA. Here, the trial court followed the UCCJEA and conferred with a Massachusetts judge. RCW 26.27.221. They agreed that Washington was AR's home state, and Raymond does not challenge that finding. Therefore, the trial court did not need personal jurisdiction over Raymond because the UCCJEA permits custody modification orders if the court is located in the child's home state. RCW 26.27.201.

Raymond's argument on this issue is susceptible to another interpretation. Raymond characterizes the court's action not as a child custody modification, but as both sanctions against his person and the involuntary termination of his parental rights. According to Raymond, the court

did not have personal jurisdiction over him to take these actions. Because he does not cite any authority why the court's order supports his argument, Raymond failed to present developed arguments, and we do not consider them.

III.    SERVICE OF PROCESS

Raymond argues that he never received service of process in this action. Raymond only gives passing treatment the issue, and therefore, we do not consider it.

IV.    SUFFICIENCY OF NOTICE

Raymond argues that he never received a formal case schedule in accordance with Pierce County Local Civil Rule (PCLCR) 4 and that he lacked sufficient notice of trial and hearings.

Raymond fails to cite authority why these errors warrant reversal and does not provide references to the record supporting these allegations. Because Raymond failed to present developed arguments, we do not consider them.

V.    SUFFICIENCY OF EVIDENCE

Raymond argues that the trial court erred in its final order and findings for a parenting plan. He argues that the court's order is inconsistent with its findings because it took away his visitation rights yet found him not to have issues relating to abandonment, neglect, child abuse, domestic violence, assault, or sex offense. We disagree.

Trial courts have broad discretion when ordering a parenting plan, and we generally review such plans for abuse of discretion. *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012); *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 51-52, 940 P.2d 1362 (1997). "[W]e are reluctant to disturb a child custody disposition because of the trial court's unique opportunity to

personally observe the parties." *In re Marriage of Murray*, 28 Wn. App. 187, 189, 622 P.2d 1288 (1981). "'The spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion on the part of the trial court.'" *In re Marriage of Kim*, 179 Wn. App. 232, 240, 317 P.3d 555 (2014) (quoting *In re Marriage of Landry*, 103 Wn.2d 807, 809, 699 P.2d 214 (1985)).

Here, Raymond fails to meet his heavy burden of showing that the trial court abused its discretion because the record is inadequate for review. For example, the court's final order and findings for a parenting plan incorporates both the final parenting plan and the court's oral rulings made at trial. However, the report of proceedings does not contain the court's oral rulings. In fact, Raymond does not come forward with any evidence presented at trial that rebuts the court's conclusions. Accordingly, the trial court did not abuse its discretion.

VI.     PROCEDURAL DUE PROCESS

Raymond argues that the trial court violated his right to procedural due process because it terminated his parental rights without a hearing. We disagree.

Although Raymond cites procedural due process cases that stand for the proposition that parents have a protected liberty interest in the upbringing of their children, he does not cite any authority for why he, as a biological parent without custody, has a procedural due process claim for a custody modification order that conditions his visitation rights on evaluation and treatment. Furthermore, Raymond does not show in the record how his procedural due process rights were violated—i.e., why the trial was deficient. Accordingly, Raymond only presented conclusory arguments, and we do not consider them.

VII.  EQUAL FORUM

Raymond argues that the trial court was not an equal forum. Raymond's argument appears be an appearance of fairness claim because the court allowed Smith to circumvent proper rules of civil procedure but refused to hear six of his motions. We disagree.

An alleged violation of the appearance of fairness doctrine is a legal issue we review de novo. *In re Disciplinary Proceeding Against King*, 168 Wn.2d 888, 899, 232 P.3d 1095 (2010). The law does not presume prejudice on the part of the judicial officer. *In re Borchert*, 57 Wn.2d 719, 722, 359 P.2d 789 (1961). "Evidence of a judge's actual or potential bias or the probability of unfairness must be shown before an appearance of fairness claim will succeed." *State v. Chamberlin*, 161 Wn.2d 30, 37, 162 P.3d 389 (2007).

Raymond fails to show actual bias, potential bias, or the probability of unfairness. Accordingly, his claim fails.

VIII.  MISCELLANEOUS

Finally, Raymond argues that the trial court deprived him of equal protection and substantive due process, that Washington, presumably Pierce County, was an improper venue, that Smith failed to comply with mandatory mediation, that he never received disclosure of evidence and expert witnesses before trial, and that AR's civil rights were violated as a result of receiving medication without proper evaluation.

Because Raymond failed to present developed arguments regarding these issues, we do not consider them.

IX.    ATTORNEY FEES

Raymond requests costs and fees on appeal.  The UCCJEA authorizes a court to award the prevailing party costs and attorney fees.  RCW 26.27.511.  But because Raymond does not prevail, we deny his request for costs and fees.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Johanson, J.