IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 35735-0-III |
| | ) | |
| MICHAEL L. BRANNING, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| LAURA E. BRANNING, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Laura Branning appeals the residential schedule ordered by the trial court, which grants mostly equal residential time for the parties' three children. She argues the trial court abused its discretion by failing to consider the RCW 26.09.187(3)(a) residential factors. We agree and remand for adequate findings.

FACTS

Michael and Laura Branning were married on September 9, 2000. Michael and Laura have three minor children: H.B., L.B., and C.B.[1]

H.B. was born in October 2007. Laura took three months leave from work to care for H.B., while Michael took one week of leave. After the first three months, Laura returned to work, and H.B. was placed in daycare. Laura took H.B. to daycare and picked him up after work.

L.B. was born in May 2010. Laura took three months leave from work to care for L.B., and Michael took about 10 days of leave. In mid-October 2010, Laura briefly returned to work, but her job ended in November. She then cared for the two children at home, while Michael worked fulltime. In June 2011, Laura began working from home as a real estate agent. For the next several years, Laura was the primary caregiver for the children, including C.B., who was born in September 2014.

---

[1] When parties share the same last name, we customarily refer to them by their first names. This promotes clarity and avoids the overuse of "Ms." and "Mr." Also, we use initials to refer to minors. *See* General Court Order for Courts of Appeals, *In re Changes to Case Title* (Wash. Ct. App. Aug. 22, 2018).

2

The parties separated in August 2016. A court commissioner ordered the children placed with Laura for 8 of 14 days, and with Michael for 6 of 14 days. An actual temporary parenting plan was not entered until April 14, 2017. Substantial evidence shows that the parties did not follow this mostly shared residential schedule. In general, Laura cared for any child who was sick or not in school on days Michael was working.

Sometime before the October 2017 trial, Michael's position with his employer changed. He testified the change gave him increased flexibility so he could work from home.

At trial, Michael proposed a parenting plan that alternated weekly residential time with the children. Although a bit unclear from our record, Laura proposed a parenting plan in which she would have the children 9 of 14 days. The court adopted Michael's plan with one modification: During Michael's week with the children, the children would spend one evening with their mother.

The trial court did not enter any written findings pertaining to the residential schedule. Instead, the final parenting plan referred to the trial court's oral ruling. Because this appeal asks us to determine whether the trial court sufficiently considered the statutory residential factors, we set forth the portion of the trial court's oral ruling that pertains to the residential schedule:

[B]oth of you are in unusual employment situations where you both have flexible jobs and more time can be spent with [the] children throughout the workweek. For that reason, I do think that it's in the best of interest of your children to adopt the proposed parenting plan by Mr. Branning. . . .

. . . *I think you also understand the importance of your children spending time with their mother* and there's going to be times during your custody period that I hope *and I expect that you're going to provide her additional time because I think especially for a two-year-old having that long period away could be problematic.* And I'm going to order that at least on [Laura's] noncustodial weeks I want to at least give a Wednesday . . . *I want to give her a guaranteed time during your week to make sure that she has frequent contact. I'm going to order that it be all of your children, because I'll respect the parameters of what you originally agreed to and I also agree your children's best interest is served by keeping the siblings together.*

. . . .

And, sir, the other reason why I came to this decision again, I believe your testimony, and *the Court's going to kind of rely on you*, that I hope *that you give her as much time during your time as you possibly can because it is in your children's best interest to do that and you testified to holding that principle.*

. . . .

. . . I just think in the best interest of your kids, given the employment that you have, given the circumstances that you've been in, I think this plan will provide sufficient stability for your children and give them the ability to have great relationships with both of their parents.

Report of Proceedings (RP) at 390-94 (emphasis added).

Laura timely appealed to this court.

ANALYSIS

PARENTING PLAN

Laura contends the trial court abused its discretion by adopting a parenting plan

without sufficiently considering the statutory residential factors. We agree.

A parenting plan is reviewed for an abuse of discretion. *In re Marriage of*

*Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). "An abuse of discretion occurs

only when the decision of the court is 'manifestly unreasonable, or exercised on untenable

grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d

32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775

(1971)). There are various ways in which a trial court's decision can be manifestly

unreasonable. One way is if the trial court did not correctly apply the legal standard. *In*

*re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

RCW 26.09.187(3)(a)[2] requires the trial court to consider various factors when

determining the residential schedule. If the trial court does not enter written findings that

---

[2] (3) RESIDENTIAL PROVISIONS.
    (a) The court shall make residential provisions for each child which
encourage each parent to maintain a loving, stable, and nurturing
relationship with the child, consistent with the child's developmental level
and the family's social and economic circumstances. The child's residential
schedule shall be consistent with RCW 26.09.191. Where the limitations of

5

reflect consideration of the residential factors, we may review the trial court's oral ruling.

*In re Marriage of Murray*, 28 Wn. App. 187, 189, 622 P.2d 1288 (1981). When evidence

of those factors is before the trial court and its oral opinion reflects consideration of those

factors, specific findings on each factor are not required. *In re Marriage of Croley*, 91

Wn.2d 288, 292, 588 P.2d 738 (1978). This is because the trial court's oral comments on

a factor sufficiently reflect its consideration of that factor. *Id.* But any presumption that

the trial court considered a contested statutory residential factor is rebutted by the trial

---

RCW 26.09.191 are not dispositive of the child's residential schedule, *the court shall consider the following factors:*

 (i) The relative strength, nature, and stability of the child's relationship with each parent;

 (ii) The agreements of the parties, provided they were entered into knowingly and voluntarily;

 (iii) Each parent's past and potential for future performance of parenting functions as defined in RCW 26.09.004(3), including whether a parent has taken greater responsibility for performing parenting functions relating to the daily needs of the child;

 (iv) The emotional needs and developmental level of the child;

 (v) The child's relationship with siblings and with other significant adults, as well as the child's involvement with his or her physical surroundings, school, or other significant activities;

 (vi) The wishes of the parents and the wishes of a child who is sufficiently mature to express reasoned and independent preferences as to his or her residential schedule; and

 (vii) Each parent's employment schedule, and shall make accommodations consistent with those schedules.

 Factor (i) shall be given the greatest weight.

(Emphasis added.)

court's failure to discuss that factor in its written findings or oral ruling. *Murray*, 28 Wn. App. at 189-90.

Here, there was substantial evidence presented by the parties concerning at least four of the seven statutory residential factors—(i) (relative strength of child-parent relationship), (iii) (a parent's past and potential for future performance of parental functions), (iv) (emotional needs and developmental level of a child), and (vii) (each parent's employment schedule). Michael argues the trial court's oral ruling reflects that it considered these statutory factors. We disagree.

The trial court mainly considered only one factor, each parent's employment schedule. Nowhere did the trial court discuss the relative strength of the parent-child relationship, or each parent's past and potential for future performance of parental functions. The trial court did discuss the emotional needs of the children and its comments show this factor weighed in Laura's favor.

In their closing arguments, the parties addressed the statutory residential factors. The trial court commented that it gave careful thought to the parenting plan and may well have considered the factors argued by the parties. But the legal standards that control our review require more. The trial court must consider the disputed residential factors either

in its written findings or in its oral comments. Here, neither the trial court's written findings nor its oral comments addressed the disputed residential factors.

The required remedy is to remand for adequate findings. To the extent insufficient evidence was presented on any particular residential factor, the trial court should note this and need not make any specific finding. Given our disposition, we deny Michael's request for attorney fees.

Remand for adequate findings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.